People v Augustus

2026 NY Slip Op 03317

May 27, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Tyshawn Augustus, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 27, 2026

2022-02296, (Ind. No. 9089/12)

Mark C. Dillon, J.P.

Paul Wooten

Laurence L. Love

Elena Goldberg Velazquez, JJ.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Allison Marculitis of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered March 21, 2022, convicting him of murder in the second degree, after a nonjury trial, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant was convicted, after a nonjury trial, of murder in the second degree (Penal Law § 125.25[1]) in connection with the death of the victim, who was found shot to death with a bullet wound on the back of his left shoulder.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621; People v Rodriguez, 242 AD3d 1124, 1124), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt, as the circumstantial evidence established a prima facie case as to his intent to kill the victim (see People v Hughes, 199 AD3d 937, 937-938; People v Miller, 81 AD3d 854, 854). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Baque, 43 NY3d 26, 30; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644; People v Rodriguez, 242 AD3d at 1125). The defendant's homicidal intent could be inferred from, among other things, the close-range gunshot to the victim's shoulder where the muzzle of the gun was pointing down towards the victim's torso in the vicinity of vital organs and the surrounding circumstances (see People v Hughes, 199 AD3d at 938; People v Fils-Amie, 291 AD2d 358, 358-359; People v Mason, 254 AD2d 109, 109).

The sentence imposed was not excessive (see People v Key, 223 AD3d 755, 756; People v Suitte, 90 AD2d 80, 88).

DILLON, J.P., WOOTEN, LOVE and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court